UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


MAR 29 2019

Ben Adam,
      Plaintiff,

–v–

William Barr, *et al.*,

      Defendants.

18-CV-2106 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

*Pro se* Plaintiff "Ben Adam"[1] brings this action for a declaratory judgment and an order enjoining Defendants[2] from enforcing the Controlled Substances Act ("CSA"), asserting claims under the Religious Freedom Restoration Act ("RFRA"), the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth and Fourteenth Amendments. On July 10, 2018, Defendants filed a motion to dismiss the amended complaint in this case. Dkt. No. 14. For the following reasons, Defendants' motion is granted.

I.    **Background**

    A.    **Factual Background**

The following facts are drawn from Plaintiff's Amended Complaint ("Am. Compl."), Dkt. No. 13. Plaintiff is the founder and president of Bnei Haneviim, a "religious not-for-profit

---

[1] Plaintiff proceeds under a pseudonym, "Ben Adam," because of "the stigma attached to the entheogenic use of cannabis and the fear of prosecution." Am. Compl. ¶¶ 1, 19. At this stage, Defendants do not oppose. Dkt. No. 21 at 4 n.3. The Second Circuit has provided a non-exhaustive, ten factor analysis for determining when a party should be permitted to proceed under a pseudonym. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–90 (2d Cir. 2008). It is not clear given the facts of the case whether Plaintiff would be able to meet the standard in this Circuit. However, because Defendants do not oppose and the Court grants the motion to dismiss, it does not need to reach this question.

[2] Under Federal Rule of Civil Procedure 25(d), William Barr has been automatically substituted for Jefferson B. Sessions as a defendant and Uttam Dhillon has been automatically substituted for Robert W. Patterson as a defendant.

1

organization" formed under the laws of New York State and headquartered in New York City. Am. Compl. ¶ 10. Bnei Haneveiim is an organization that is open to "orthodox Jews who accept the six hundred and thirteen commandments of the Torah . . . and who believe in the potential of cannabis to help facilitate prophetic states and religious experiences" as well as "the lifestyle espoused by" Plaintiff. Am. Compl. ¶ 11.

Plaintiff believes that when mentally and physically healthy "adherents to the divine law" imbibe the "cannabis plant," "in an appropriate environment," the psychoactive properties of the "cannabis plant" can help induce a "pre-prophetic ecstatic state" that "can connect an individual to God and divine realms, leading to perception of God," as well as "higher forms of prophecy." Am. Compl. ¶ 5. He also believes that use of cannabis for such purposes "is a fulfillment of several divine commandments, including 'to cling to God,' 'to know Him,' and 'to love Him.'" Am. Compl. ¶ 6. Plaintiff alleges that cannabis is an "invaluable tool" achieving these pre-prophetic states. Am. Compl. ¶ 9. Plaintiff has also written a text called "The Path to the Tree: Prophecy and its Pursuit in the Jewish Tradition" expressing his views regarding the religious use of cannabis. Am. Compl. ¶ 7.

Plaintiff alleges he has an immediate intention to use cannabis for religious purposes. Am. Compl. ¶ 8. Plaintiff contends that it is Defendants' "position that cannabis is a Schedule I controlled substance pursuant to 21 U.S.C. § 812 and 21 C.F.R. [§] 1308.11," and notes severe criminal and civil penalties are prescribed for "what is deemed to be the unlawful importation, possession[,] and distribution of cannabis pursuant to 21 U.S.C. §§ 841–44." Am. Compl. ¶ 12. Plaintiff alleges that he has not been arrested or charged with any crime, but that there is a "constant threat of prosecution." Am. Compl. ¶¶ 14–15. He alleges that his prosecution for a cannabis-related offense could cause him individual harm through the risk of criminal sanctions

and "desecration of the name of God" because of the likelihood that any defense of his conduct would be rejected by the prosecution and the court. Am. Compl. ¶¶ 16–17. Further, a prohibition on using cannabis prevents Plaintiff from "freely practicing in accordance with his religious beliefs." Am. Compl. ¶ 9. Without declaratory relief, Plaintiff "suffers the harm of being deprived safe access to products available to other purchases of cannabis." Am. Compl. ¶ 18.

Based on his foregoing professed religious beliefs, Plaintiff alleges violations of: RFRA (Count One), the Free Exercise Clause of the First Amendment (Count Two), and the Equal Protection Clause of the Fifth and Fourteenth Amendments (Count Three). Am. Compl. ¶¶20–29. Plaintiff seeks declaratory and injunctive relief from enforcing the CSA against Plaintiff.

**B.     Procedural Background**

Plaintiff filed his original complaint on March 8, 2018, *see* Dkt. No. 1., and on June 22, 2018, Defendants filed their initial motion to dismiss. Dkt. No. 10. The Court issued an Order explaining to Plaintiff that he was on notice that declining to amend his pleadings to timely respond to arguments in Defendants' motion to dismiss may constitute a waiver of his right to use the amendment process to cure any defects that had been made apparent by Defendants' motion. *See* Dkt. No. 12. On June 27, 2018, Plaintiff filed his amended complaint, Dkt. No. 13, and on July 10, 2018, Defendants filed the motion to dismiss presently before this Court. Dkt. No. 14.

**II.    Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the factual allegations in the Complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To

survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). If a party is proceeding *pro se*, a court shall construe their complaint "to raise the strongest claim it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets omitted). In resolving a motion to dismiss, review is limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy*, 482 F.3d at 191.

### III. Discussion

#### A. Plaintiff Has Not Sufficiently Alleged Standing to Bring a Preenforcement Challenge

As a threshold matter, Defendants argue that Plaintiff has failed to allege standing because he has failed to allege a concrete or actual injury. For the reasons below, drawing all reasonable inferences in the *pro se* Plaintiff's favor, the Court concludes that Plaintiff has failed to allege a sufficiently imminent injury to confer standing.

##### 1. Legal Standard

To sufficiently allege Article III standing, a plaintiff must allege "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014)). As to the first element, "[f]or an alleged injury to support constitutional

4

standing, it must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Knife Rights,* 802 F.3d at 383 (quoting *Susan B. Anthony List,* 573 U.S. at 158).

As a general matter, "[p]reenforcement challenges to criminal statutes . . . are cognizable under Article III." *Cayuga Nation v. Tanner,* 824 F.3d 321, 331 (2d Cir. 2016). When a Plaintiff "assert[s] injury from threatened prosecution, the Supreme Court has instructed that imminence does 'not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced.'" *Knife Rights,* 802 F.3d at 384 (quoting *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128–29 (2007)). Instead, "in the context of pre-enforcement challenges to criminal statutes, imminent injury can be established by plausible allegations that a plaintiff 'inten[ds] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by . . . statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (quoting *Susan B. Anthony List,* 573 U.S. at 159). The credible fear of prosecution standard "'sets a low threshold and is quite forgiving to plaintiffs seeking such preenforcement review,' as courts are generally 'willing to presume that the government will enforce the law as long as the relevant statute is recent and not moribund.'" *Cayuga Nation,* 824 F.3d at 331 (quoting *Hedges v. Obama,* 724 F.3d 170, 197 (2d Cir. 2013)). However, "'[t]he identification of a credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue.'" *Cayuga Nation,* 824 F.3d at 331 (quoting *Knife Rights,* 802 F.3d at 384). A credible threat will not be found "where plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible." *Id.* Thus, fears that are "imaginary or speculative" will not satisfy the credible threat standard. *Knife Rights,* 802 F.3d at 384 (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298

5

(1979)). The requirement that a fear of prosecution must be credible extends equally to cases involving the Free Exercise Clause and RFRA. *See Roman Catholic Archdiocese of New York v. Sebelius*, 907 F. Supp. 2d 310, 322 (E.D.N.Y. 2012) (requiring "actual and well-founded fear that the law will be enforced against" the plaintiff (quoting *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir.2000))).

### 2. Plaintiff Has Not Sufficiently Alleged a Credible Threat of Prosecution

To sufficiently allege standing on his preenforcement claim, Plaintiff must therefore allege both a concrete intention to violate the law and the credible threat of prosecution if he were to do so. *See Knife Rights*, 802 F.3d at 390. The Court will analyze each in turn. For the reasons below, the Court finds that even assuming that Plaintiff has sufficiently alleged a concrete intention to violate the CSA for religious purposes, he has failed to sufficiently allege a credible fear of prosecution for this conduct by Defendants.

Plaintiff's only allegation regarding concrete intent to violate the law is that he has "an immediate intention to use cannabis for religious purposes." Am. Compl. ¶ 8. Besides this general allegation, Plaintiff has not alleged how he would seek to obtain marijuana, how or where he intends to use it, nor how much marijuana he intends to use. Nor does Plaintiff include any allegations of prior marijuana use for religious purposes. The majority of Plaintiff's amended complaint only speaks to his religious beliefs about marijuana, not his usage. *See* Am. Compl. ¶¶ 5–7, 9, 10. In his prayer for relief Plaintiff does request relief from enforcement of the CSA against himself for the "religious use of cannabis, including its possession, consumption, importation and distribution to members of the Bnei Haneviim." Am. Compl. ¶¶ Prayer for Relief 1–2. Yet nowhere in his amended complaint does Plaintiff actually allege a concrete intent to engage in that broader set of activities. Nonetheless, Defendants do not

dispute that the CSA prohibits the unauthorized possession of marijuana. Dkt. No. 15 at 10 n.5; Dkt. No. 21 at 2. Thus, *at most*, Plaintiff has sufficiently alleged a concrete intention to violate the CSA by possessing marijuana for his own religious use.

Even assuming such a concrete intention, however, Plaintiff does not sufficiently allege a credible fear of prosecution by the Defendants for that conduct. As discussed above, Plaintiff must allege "that he has [] been threatened with prosecution, that a prosecution is likely, or [] that a prosecution is remotely possible." *Knife Rights,* 802 F.3d at 384 (internal quotation marks omitted). This inquiry turns on "the particular circumstances at issue." *Cayuga Nation,* 824 F.3d at 331 (internal quotation marks omitted). Plaintiff's only express allegation relating to the threat of prosecution is his allegation that he is under a "constant threat of prosecution," Am. Compl. ¶ 15, and the Court is not required to credit such conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009). Furthermore, for the following reasons, the Court concludes that Plaintiff has not alleged any facts from which a credible fear of prosecution by the Defendants for the intended conduct could reasonably be inferred.

First, Plaintiff fails to allege that the CSA has ever been enforced against him in the past. Courts have found that whether or not a law has been enforced against a plaintiff in the past is an important factor in the preenforcement standing analysis. *See, e.g., Knife Rights,* 802 F.3d at 384–90. In *Knife Rights,* the Second Circuit held that the plaintiffs had demonstrated a credible threat of prosecution because, *inter alia,* the defendants had engaged in recent enforcement actions against the plaintiffs themselves and that there was an express threat to prosecute the plaintiffs specifically. 802 F.3d at 390. This suggested that "upon becoming aware of any such [illegal] conduct by plaintiffs, defendants would again charge them with violations of law." *Id.* at 387; *see also Oklevueha Native Am. Church of Hawaii, Inc. v. Holder,* 676 F.3d 829, 837 (9th

7

Cir. 2012) (history of past enforcement against the plaintiffs "eliminate[ed] any concerns that [the plaintiffs'] fear of enforcement is purely speculative"). Plaintiff makes no such allegation here. Indeed, he expressly notes that he has *never* been arrested or charged with any crime related to marijuana use for any purpose, let alone for his religious purpose. Am. Compl. ¶ 14.

Second, Plaintiff has not alleged that he has ever been directly threatened with prosecution by anyone, including the federal authority Defendants. Courts have also taken into account direct or express threats of prosecution in determining whether preenforcement standing exists. *See Cayuga Nation*, 824 F.3d at 331–32; *Knife Rights,* 802 F.3d at 390. In, *Cayuga Nation*, the Second Circuit found that plaintiffs had sufficiently pled preenforcement standing because they "plausibly alleged that they [had] been directly threatened with prosecution." 824 F.3d at 331. Similarly, in *Knife Rights*, the Second Circuit found there was standing in part based on "express threat[s] to prosecute" one of the plaintiffs by the defendants. 802 F.3d at 390. Plaintiff makes no such allegation here

Third, Plaintiff does not allege anything about the enforcement of the CSA generally from which a credible fear of prosecution by the Defendants for his intended use of marijuana for religious purposes could reasonably be inferred. In evaluating preenforcement standing, courts look to "the history of past prosecution or enforcement under the statute." *Oklevueha*, 676 F.3d at 835. Plaintiff does not make any allegations about the past or current enforcement of the CSA.[3] Nor does Plaintiff allege that the CSA is regularly, or ever, enforced against the personal religious use of marijuana that he has alleged he wishes to engage in. *See* Am. Compl. ¶ 8. Thus, standing alone, Plaintiff's failure to allege anything more than "an immediate intention to

---

[3] Plaintiff has appended to his opposition to the motion to dismiss a Memorandum from the Office of the Attorney General regarding marijuana prosecution policies. Dkt. No. 18 at 52. However, at this stage the Court will not consider materials that are beyond the pleadings. *See McCarthy*, 482 F.3d at 191.

use cannabis" for religious purposes, *id.*, is insufficient to allege that he faces a credible fear of prosecution under the CSA by the federal government.

Finally, Plaintiff argues in his opposition that alleging a chilling effect on his religious exercise should be sufficient for standing. The amended complaint makes no specific allegations in this regard, making this issue difficult to assess. In an event, as noted above, a credible threat of prosecution is still required in preenforcement cases brought under the Free Exercise Clause or RFRA alleging burdens on religious exercise. *See Roman Catholic Archdiocese of New York*, 907 F. Supp. 2d at 322. Therefore Plaintiff's allegations about the effect of the CSA on his religious beliefs are insufficient for a preenforcement challenge absent a credible fear of prosecution by the Defendants for Plaintiff's intended marijuana use for religious purposes.

Each of the above failures, standing alone, would not necessarily be enough to warrant dismissing Plaintiff's claim. Taken together, however, Plaintiff has failed to allege *any* facts from which a credible threat of prosecution by the Defendants for religious use of marijuana could reasonably be inferred. Plaintiff has therefore failed to sufficiently allege an imminent injury on his preenforcement challenge, *Cayuga Nation*, 824 F.3d at 331, and Defendants' motion to dismiss for lack of standing is granted.

## IV. Conclusion

For the foregoing reasons, Plaintiff has not sufficiently alleged an injury to confer standing. Defendants' motion to dismiss is therefore GRANTED without prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*." (emphasis in original)). This resolves Dkt. No. 14. Plaintiff's order to show cause why a preliminary injunction should not issue, Dkt. No. 24, is

therefore denied as moot. The Clerk of Court is respectfully directed to close this case.

Chambers will mail a copy of this order to the *pro se* Plaintiff and note its mailing on the public docket.

SO ORDERED.

Dated: March 21, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge